IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KOVI AGBODJAN, #A095-574<br>　　　　Petitioner<br><br>　　v.<br><br>ALBERTO GONZALES, et al.,<br>　　　　Respondents | *<br><br>*<br><br>　　　CIVIL ACTION NO. RBD-06-1051<br>*<br><br>* |

\*\*\*\*\*\*

**<u>MEMORANDUM OPINION</u>**

On April 25, 2006, this Court received Kovi Agbodjan's "Petition for Review of Order of Removal of Board of Immigration Appeals" and Motion for Stay of Order of Removal of BIA. (Paper Nos. 1 and 2). The Petition was docketed as Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is attempting to file an appeal of the Board of Immigration Appeals' ("BIA") discretionary decision to dismiss his appeal of an Immigration Judge ("IJ") ruling. He claims that the IJ "[m]ade questionable conclusions in his ruling" regarding the evidence presented during the hearing. Petitioner further claims that the conditions in Togo's native country have deteriorated since his hearing before the IJ and that his life would be threatened if he was to return. (Paper No. 1.)

This Court is without jurisdiction to review the instant action as construed under § 2241. Title 8 U.S.C. § 1252(g), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), provides that:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

The Fourth Circuit Court of Appeals, in following the Supreme Court's decision in *American-Arab Anti-Discrimination Comm. v. Reno*, 525 U.S. 471, 485 (1999), has held that federal courts cannot assert subject matter jurisdiction over non-constitutional or statutory claims arising from the discretionary actions of the Attorney General enumerated under § 1252(g). *See Bowrin v. INS*, 194 F.3d 483, 488 (4th Cir.1999). As Mr. Agbodjan's cause of action raises no pure question of constitutional or statutory law, but merely represents a challenge to the discretionary decision to execute a removal order, this Court has no jurisdictional authority to review the matter *as a § 2241 petition.*

The Court concludes, however, that Mr. Agbodjan did not intend to file a habeas corpus challenge to his removal proceedings, but only wished to appeal the BIA decision pursuant to 8 U.S.C. § 1252(b).[1] Consequently, the matter is properly construed as a *pro se* petition for review and should be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." *See* 8 U.S.C. § 1252(b)(2). The BIA decision indicates that the IJ proceeding occurred in Baltimore, Maryland. The Court therefore finds it appropriate to transfer this matter to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631. For the aforementioned reasons, the Petition shall be transferred to the United States Court of Appeals for the Fourth Circuit. A separate Order follows.

<u>May 1, 2006</u>              /s/_____
    Date                              RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE

---

[1] A petition for review must be filed not later than 30 days after the date of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). The petition for review was received for filing in this Court on April 25, 2006.

2